UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-CV-61661

AQUILINO CHINCHILLA AGUILAR,

    Plaintiff,

vs.

EUROPA USA, INC. d/b/a
CAFFE EURPOA and
ANTONIO CUPELLI,

    Defendants.

_____/

## **COMPLAINT**

Plaintiff, Aquilino Chinchilla Aguilar, sues Defendants, Europa USA, Inc. and Antonio Cupelli, based on the following good cause:

### *Parties, Jurisdiction, and Venue*

1.    **Plaintiff, Aquilino Chinchilla Aguilar**, is a *sui juris* resident of Broward County, Florida, who is over 18 years old.

2.    Plaintiff consents to participate in this lawsuit.

3.    **Defendant, Europa USA, Inc.**, is a for-profit Florida corporation that is *sui juris* and operated its restaurant in Broward County, Florida, at all times material. Defendant, Europa USA, Inc. does business under the fictitious name of Caffe Europa, a name it registered with the State of Florida Department of Corporations.

4.    **Defendant, Antonio Cupelli,** is over 18 years old, a resident of Broward County, and is *sui juris*. He was at all times material an officer/owner/director of the corporate Defendant for the time period relevant to this lawsuit. He ran its day-to-day operations, was

1

responsible for all operational decisions, and was partially or totally responsible for paying and/or deciding to pay Plaintiff's wages as well as for the termination of Plaintiff's employment.

5. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over Plaintiff's related state law claims.

6. Venue is proper in this Court pursuant because Defendants transact business in Broward County, they maintain their office and principal places of business and/or live in Broward County, and also because Defendants employed Plaintiff in Broward County, with most of the actions complained of occurring within Broward County.

7. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

8. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## **COUNT I – VIOLATION OF EPSLA**
### **(FAILURE TO PAY FOR SICK LEAVE)**

Plaintiff, Aquilino Chinchilla Aguilar, reincorporates all preceding paragraphs as though set forth fully herein and further alleges as follows:

9. Plaintiff worked for Defendants from 2014 through July 29, 2020.

10. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendants.

11. The Emergency Paid Sick Leave Act ("EPSLA") went into effect on April 1, 2020, and it requires covered employers to provide paid sick leave to employees with one of six (6) qualifying conditions. FFCRA §5102, 5110(2).

12. Plaintiff was at all times material hereto an "employee" as the term is defined at 29 U.S.C. §203(e), and incorporated into the EPSLA at 29 C.F.R. §826.10(a).

13. Plaintiff was at all times material hereto an "eligible employee" for purposes of the EPSLA, as the term is defined at 29 C.F.R. §826.10.

14. Defendant, Europa USA, Inc., was at all times material hereto Plaintiff's "employer" as the term is defined at 29 C.F.R. §826.10(a)(i).

15. Defendant, Europa USA, Inc., was at all times material hereto either engaged in commerce, or in an industry or activity affecting commerce that employed less than 500 employees.

16. Defendant, Antonio Cupelli, was also at all times material hereto Plaintiff's "employer" as the term is defined at 29 C.F.R. §826.10(a)(i).

17. Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203(d) and incorporated into the EPSLA at 29 C.F.R. §826.10(a).

18. Plaintiff left work on or about Friday, June 26, 2020 because he was experiencing symptoms of COVID-19.

19. On or about the following day, Defendants instructed Plaintiff to be tested for COVID-19 as a result of the symptoms he reported and to stay home.

20. Plaintiff sought a medical diagnosis and was tested for COVID-19.

21. Plaintiff's initial COVID-19 test was positive, meaning that he had contracted the virus, and so was required to self-quarantine.

22. Plaintiff later took a second COVID-19 test, as directed by Defendants, which once again came indicated that he still was positive for the virus, requiring him to continue his self-quarantine.

23. Plaintiff then took a third COVID-19 test, and he received the result on July 24, 2020, indicating that he was finally negative for the virus.

24. Plaintiff informed his employers of the negative COVID-19 test result on Friday, July 24, 2020.

25. Defendants, however, failed and refused to pay Plaintiff the sick leave to which he was entitled under the EPSLA at 29 C.F.R. §826.20.

26. As a direct and proximate result of Defendants' violation(s) of the EPSLA, as set forth above, Plaintiff is entitled to payment of his "average regular rate" of pay for the two-weeks during which he was precluded from working due to his positive COVID-19 test. 29 C.F.R. §§826.22 and 826.25.

27. Pursuant to 29 C.F.R. §826.150, Plaintiff seeks recovery of the wages that he would have been entitled to pursuant to the EPSLA, plus an equal amount of liquidated damages, plus his attorneys' fees and costs.

WHEREFORE Plaintiff, Aquilino Chinchilla Aguilar, demands the entry of a judgment in his favor and against Defendants, Europa USA, Inc. and Antonio Cupelli, jointly and severally after trial by jury and as follows:

    a. That Plaintiff recover compensatory sick wage damages and benefits, plus an equal amount of liquidated damages as provided under the law, in 29 C.F.R. §826.150 and in 29 U.S.C. § 216(b) – or interest on the unpaid wages and benefits if no liquidated damages are awarded;

b. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the EPSLA and the FLSA;

c. That Plaintiff recover all interest allowed by law;

d. That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage / sick leave pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

e. Such other and further relief as the Court deems just and proper.

### COUNT II – VIOLATION OF EPSLA
### (UNLAWFUL DISCHARGE)

Plaintiff, Aquilino Chinchilla Aguilar, reincorporates and re-alleges paragraphs 1 through 8 as though set forth fully herein and further alleges as follows:

28. Plaintiff worked for Defendants from 2014 through July 29, 2020.

29. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendants.

30. The Emergency Paid Sick Leave Act ("EPSLA") went into effect on April 1, 2020, and it requires covered employers to provide paid sick leave to employees with one of six (6) qualifying conditions. FFCRA §5102, 5110(2).

31. Plaintiff was at all times material hereto an "employee" as the term is defined at 29 U.S.C. §203(e), and incorporated into the EPSLA at 29 C.F.R. §826.10(a).

32. Plaintiff was at all times material hereto an "eligible employee" for purposes of the EPSLA, as the term is defined at 29 C.F.R. §826.10.

33. Defendant, Europa USA, Inc., was at all times material hereto Plaintiff's "employer" as the term is defined at 29 C.F.R. §826.10(a)(i).

34. Defendant, Europa USA, Inc., was at all times material hereto either engaged in commerce, or in an industry or activity affecting commerce that employed less than 500 employees.

35. Defendant, Antonio Cupelli, was also at all times material hereto Plaintiff's "employer" as the term is defined at 29 C.F.R. §826.10(a)(i).

36. Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203(d) and incorporated into the EPSLA at 29 C.F.R. §826.10(a).

37. Plaintiff left work on or about Friday, June 26, 2020 because he was experiencing symptoms of COVID-19.

38. On or about the following day, Defendants instructed Plaintiff to be tested for COVID-19 as a result of the symptoms he reported and to stay home.

39. Plaintiff sought a medical diagnosis and was tested for COVID-19.

40. Plaintiff's initial COVID-19 test was positive, meaning that he had contracted the virus, and so was required to self-quarantine.

41. Plaintiff later took a second COVID-19 test, as directed by Defendants, which once again came indicated that he still was positive for the virus, requiring him to continue his self-quarantine.

42. Plaintiff then took a third COVID-19 test, and he received the result on July 24, 2020, indicating that he was finally negative for the virus.

43. Plaintiff informed his employers of the negative COVID-19 test result on Friday, July 24, 2020.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

44. Defendants advised Plaintiff on July 27, 2020, that his services were no longer needed at their restaurant.

45. Defendants are believed to have hired one or two persons to replace Plaintiff prior to the filing of this Complaint and after he took EPSLA leave.

46. One of the relevant provisions of the EPSLA is that, "An Employer is prohibited from discharging, disciplining, or discriminating against any Employee because such Employee took Paid Sick Leave under the EPSLA." 29 C.F.R. §826.150(a).

47. Defendants violated the EPLSA by firing Plaintiff because he took leave under the EPSLA (for which he should have – but was not – paid).

48. As a direct and proximate result of Defendants' violation(s) of the EPSLA, as set forth above, Plaintiff suffered the loss of his job, his identity, and suffered emotional distress as a result of Defendants' retaliatory conduct.

49. Pursuant to 29 C.F.R. §826.150(2), Plaintiff seeks recovery of the wages that he would have been entitled to pursuant to the EPSLA, the emotional distress and actual damages that he suffered, plus an equal amount of liquidated damages, plus his attorneys' fees and costs.

WHEREFORE Plaintiff, Aquilino Chinchilla Aguilar, demands the entry of a judgment in his favor and against Defendants, Europa USA, Inc. and Antonio Cupelli, jointly and severally after trial by jury and as follows:

    a. That Plaintiff recover compensatory damages for compensatory/actual damages including lost wages, lost opportunity to earn wages, lost benefits, future lost wages and benefits, and an equal amount of liquidated damages as provided under the law and in 29 C.F.R. §826.150(b)(2) and 29 U.S.C.

    § 216(b) – or interest on the unpaid wages and benefits if no liquidated damages are awarded;

b.   That Plaintiff recover pre-judgment interest on all damages if the Court does not award liquidated damages;

c.   That Plaintiff recover for the mental anguish and distress caused by Defendants' retaliatory conduct;

d.   That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the EPSLA and the FLSA;

e.   That Plaintiff recover all interest allowed by law; and

f.   Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Aquilino Chinchilla Aguilar, demands a trial by jury of all issues so triable.

Respectfully submitted this 18th day of August 2020.

             Brian H. Pollock, Esq.
             Brian H. Pollock, Esq. (174742)
             brian@fairlawattorney.com
             FAIRLAW FIRM
             7300 N. Kendall Drive
             Suite 450
             Miami, FL 33156
             Tel:  305.230.4884
             *Counsel for Plaintiff*